PHILLIP A. TALBERT
United States Attorney
ANDRÉ M. ESPINOSA
COLLEEN M. KENNEDY
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:15-CR-00227-JAM |
|---|---|
| Plaintiff, | STIPULATION AND PROTECTIVE ORDER RE: DISSEMINATION OF PROTECTED DISCOVERY AND/OR INFORMATION SUBJECT TO A PROTECTIVE ORDER |
| v. | |
| MICHAEL CAREY CLEMANS, | |
| Defendants. | |

**STIPULATION**

IT IS HEREBY STIPULATED AND AGREED among the parties and their respective counsel, André M. Espinosa and Colleen M. Kennedy, representing the United States of America, and Daniel B. Olmos, attorney for defendant Michael Carey Clemans ("Defense Counel"), as follows:

1. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, and its general supervisory authority;

2. This Order pertains to all discovery provided to and/or made available to defense counsel as part of discovery in this case identified as Protected Discovery (hereafter, collectively known as "the Protected Discovery");

3. The Protected Discovery in this matter includes video recordings of forensic interviews with three minor victims/witnesses in this case, who are identified by their full names in those video recordings. It also includes documents and other material from the case file of the Philippine National Bureau of investigation concerning its investigation of aspect of

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

1

the offenses with which the defendant is charged in this matter. Certain of that material also identifies the three victims/witnesses by their full names and contains personal identifying information about those victims/witnesses.

4. Federal Rule of Criminal Procedure 49.1(a)(2) requires any party in an action in this Court to refer to "the name of an individual known to be a minor" by the minor's initials only. Likewise, Local Rule 140(a)(i) requires that reference to all minors in criminal actions be by the minors' initials only. Sealing and redaction of the identity if a child victim of sexual abuse is also required under the Child Victims' and Child Witness' Protection Act of 1990, which likely applies in this case. See 18 U.S.C. § 3509(d)(1)(B)(iii) and (d)(2)(B). The Act also authorizes this protective order and its terms. Id. at § 3509(d)(3).

5. The parties hereby jointly request a protective order with regard to the Protected Discovery because disclosure of the full names and other personal identifying information of the three minor victims/witnesses would violate applicable law and would result in injury to the victims/witnesses or otherwise be detrimental.

6. The parties agree that Defense Counsel shall not disclose any of the Protected Discovery and/or information to any person and/or entity other than his client, and/or witnesses that he may be interviewing and/or preparing for trial and/or attorneys, law clerks, paralegals, secretaries, experts, consultants and/or investigators involved in the representation of Defense counsel's client in this case;

7. The Protected Discovery and/or information therein may only be used in connection with the litigation of this case and for no other purpose. Defense Counsel may retain one copy of the Protected Discovery for appellate counsel, should an appeal be necessary. However, Defense Counsel may only turn over that copy of the Protected Discovery to appellate counsel if that appellate counsel signs an acknowledgement of receipt of this order.

8. Defense Counsel will store the Protected Discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this agreement;

9. If Defense Counsel makes, or causes to be made, any further copies of any of the Protected Discovery, Defense Counsel will inscribe the following notation on each copy: "U.S. Government Property; May Not be Used Without U.S. Government Permission";

10. If Defense Counsel releases custody of any of the Protected Discovery and/or information, and/or authorized copies thereof, to any person and/or entity described in Paragraph 6, Defense Counsel shall provide such recipients with copies of this Order and advise that person that the Protected Discovery is the property of the United States Government, that the Protected Discovery and information therein may only be used in connection with the litigation of this case, as set forth herein, and for no other purpose, and that an unauthorized use of the Protected Discovery may constitute a violation of law and/or contempt of court;

11. Defense Counsel shall be responsible for advising his client, employees, and others of the contents of this Stipulation and Order.

**IT IS SO STIPULATED.**

Dated: August 15, 2017   PHILLIP A. TALBERT
                         United States Attorney

                         /s/ ANDRÉ M. ESPINOSA
                         ANDRÉ M. ESPINOSA
                         COLLEEN M. KENNEDY
                         Assistant United States Attorneys

Dated: August 15, 2017   /s/ DANIEL B. OLMOS
                         DANIEL B. OLMOS
                         Counsel for Defendant

///
///
///
///

| | |
|---|---|
| 1 | **ORDER** |
| 2 | For good cause shown, this stipulation of counsel in criminal case number 2:15-cr-00227-JAM, is approved and |
| 3 | |
| 4 | FOR GOOD CAUSE SHOWN, IT IS SO ORDERED. |
| 5 | |
| 6 | Dated: ___8/16/2017              /s/ John A. Mendez |
| 7 | THE HONORABLE JOHN A. MENDEZ<br>UNITED STATES DISTRICT COURT JUDGE |

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

4