IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

                    Plaintiff,

                                        Case No. 2:15-cr-00227

            vs.

                                        Sacramento, California
MICHAEL CAREY CLEMANS,                  August 28, 2017
                                        9:00 a.m.

                    Defendant.
_____ /


                    CHANGE OF PLEA
            BEFORE THE HONORABLE JOHN A. MENDEZ
                UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the Government:          OFFICE OF UNITED STATES ATTORNEY
                             501 I Street, Suite 10-100
                             Sacramento, California 95814
                             BY:  ANDRE M. ESPINOSA
                                  COLLEEN M. KENNEDY
                                  Assistant U.S. Attorneys



For the Defendant:           NOLAN BARTON & OLMOS
                             BY:  DANIEL B. OLMOS
                             600 University Avenue
                             Palo Alto, California 94301




Court Reporter:              DIANE J. SHEPARD, CSR 6331, RPR
                             Official Court Reporter
                             501 I Street, Rm 4-200
                             Sacramento, California 95814
                             (916) 554-7460


Proceedings reported by mechanical stenography, transcript
produced by computer-aided transcription.

1          THE COURT:  Let's start with the plea.

2     Your client is prepared to enter a guilty plea to three

3  counts, as I understand it.  Open plea to Counts 3, 5 and 6,

4  correct?

5          MR. OLMOS:  Yes, Your Honor.

6          THE COURT:  Why don't you come forward.  Place

7  Mr. Clemans under oath.

8          THE CLERK:  Mr. Clemans, your right hand for me,

9  please.

10     You do solemnly swear that you will truthfully answer all

11  questions put to you concerning your entry of guilty pleas, so

12  help you God?

13          THE DEFENDANT:  I do.

14          THE COURT:  Mr. Clemans, my understanding is that you

15  wish to enter guilty pleas this morning to Counts 3, 5 and 6 of

16  the Second Superseding Indictment, is that correct?

17          THE DEFENDANT:  Yes, Your Honor.

18          THE COURT:  I'm going to ask you a number of questions

19  to make sure this is a valid plea.  If you do not understand the

20  question I'm asking you, just let me know.  I'll rephrase it to

21  make sure you do understand it.

22     And if at any time you want to speak to your lawyer before

23  you answer a question, again, just let me know, and I will allow

24  to you do that.  Okay?

25          THE DEFENDANT:  Thank you, Your Honor.

1              THE COURT:  All right.  You've taken an oath in which

2    you've promised to answer each of my questions truthfully.  I

3    just want to remind you of that.

4        Let's start by having you state your full name for the

5    record, please.

6              THE DEFENDANT:  My name is Michael Carey Clemans.

7              THE COURT:  What's your date of birth?

8              THE DEFENDANT:  May 26, 1960.

9              THE COURT:  Are you presently under the influence of

10   any drugs, alcohol, or medication?

11             THE DEFENDANT:  No, Your Honor.

12             THE COURT:  Have you taken any drugs, alcohol or

13   medication, prescription or otherwise, in the last 24 hours?

14             THE DEFENDANT:  I've had medication.

15             THE COURT:  And do either counsel know of any reason

16   why Mr. Clemans is not competent to enter pleas to these three

17   counts this morning?

18             MR. OLMOS:  I don't, Your Honor.  Although, I would

19   like Mr. Clemans to put on the record the medication he's

20   taking.

21             THE COURT:  Okay.

22             THE DEFENDANT:  I've had cancer removed from my nose,

23   and so I have to use some medication for that.

24             THE COURT:  Did you take that this morning?

25             THE DEFENDANT:  Not this morning.

1          THE COURT:  When is the last time you took that

2   medication?

3          THE DEFENDANT:  Yesterday.

4          THE COURT:  Is the medication in any way affecting

5   your ability to understand my questions or this court

6   proceeding?

7          THE DEFENDANT:  No, Your Honor.

8          THE COURT:  Same question to the lawyers.  Any reason

9   why either of you believe that Mr. Clemans is not competent to

10  enter his plea this morning?

11         MR. OLMOS:  I don't believe so, Your Honor.

12         MR. ESPINOSA:  No reason, Your Honor.

13         THE COURT:  Mr. Clemans, are you satisfied with the

14  representation and advice given to you in this case by your

15  attorney?

16         THE DEFENDANT:  Very satisfied.

17         THE COURT:  Are you entering your guilty pleas to

18  these three counts voluntarily?

19         THE DEFENDANT:  Yes, Your Honor.

20         THE COURT:  Are you entering your guilty pleas to

21  these three counts because you are in fact guilty?

22         THE DEFENDANT:  Yes, Your Honor.

23         THE COURT:  Okay.  There is no plea agreement.  This

24  is what's called an open plea, so we're going to go through each

25  of the counts.

1          Has anyone made any promises to you or any assurances to you

2     of any kind in order to get you to enter guilty pleas to these

3     three counts?

4               THE DEFENDANT:  No, Your Honor.

5               THE COURT:  Are you a citizen of the United States?

6               THE DEFENDANT:  Yes, Your Honor.

7               THE COURT:  Have you ever been convicted of a felony

8     before?

9               THE DEFENDANT:  No, Your Honor.

10              THE COURT:  The offenses to which you are offering

11    guilty pleas are felony offenses.  If your pleas are accepted by

12    this court, you will be found guilty of these three offenses.

13    That finding may deprive you of valuable civil rights such as

14    the right to vote, the right to serve on a jury, and the right

15    to possess any kind of firearm.  Do you understand that?

16              THE DEFENDANT:  Yes, Your Honor.

17              THE COURT:  I assume, but I want to make sure, are you

18    currently on probation or parole for any other offense?

19              THE DEFENDANT:  No, Your Honor.

20              THE COURT:  Both sides agree, and I want to go through

21    the maximum possible penalties for each of these crimes.

22        In Count 3, the charge is conspiracy to produce child

23    pornography.  A violation of 18 U.S.C. Section 2251(c) and (e).

24    That has a mandatory minimum term of 15 years in prison, a

25    maximum term of imprisonment of 30 years, a fine of up to

1   $250,000, or both fine and imprisonment, supervised release of

2   at least five years and up to life, and a mandatory special

3   assessment of $100.

4       A mandatory minimum term, Mr. Clemans, means that I don't

5   have any discretion to go below that mandatory term.  The law

6   doesn't allow me to go below 15 years absent some legal reason.

7   Usually it's a motion by the Government is the only basis for me

8   to go below that 15-year term.  Do you understand that?

9             THE DEFENDANT:  Yes, Your Honor.

10            THE COURT:  So you start at 15 years, and it has a

11   maximum term of 30 years.

12      Any questions about the maximum penalties for Count 3?

13            THE DEFENDANT:  No, Your Honor.

14            THE COURT:  In Count 5, the charge is production or

15   attempted production of child pornography.  A violation of 18

16   U.S.C. Section 2251(c).  That has also a mandatory minimum term

17   of 15 years in prison, and a maximum term of 30 years, a fine of

18   up to $250,000, or both a fine and imprisonment, supervised

19   release of at least five years and up to life, and, again,

20   another mandatory special assessment of $100.  That, because

21   it's a separate count, those terms could be run consecutive to

22   the charges in the term in Count 5.

23      Again, I've explained the mandatory minimum term to you.

24   It's the same as in Count 5.  Do you have any questions about

25   those maximum penalties?

1              THE DEFENDANT:  No, Your Honor.

2              THE COURT:  And then Count 6 the charge is receipt of

3    child pornography.  A violation of 18 U.S.C. Section 2252(a)(2).

4    That also has a mandatory minimum term of five years in prison,

5    and a maximum term of imprisonment of 20 years, a fine of up to

6    $250,000, or both a fine and imprisonment, supervised release of

7    at least five years and up to life, and a mandatory special

8    assessment, again, separate, of $100.

9         So there is going to be at least a $300 mandatory special

10   assessment.  And, again, those terms can run consecutive to the

11   other counts.

12        Do you have any questions about those maximum penalties?

13              THE DEFENDANT:  No, Your Honor.

14              THE COURT:  Is restitution an issue, Mr. Espinosa?

15              MR. ESPINOSA:  Yes, Your Honor.

16              THE COURT:  In addition, if any economic loss has been

17   suffered by a victim or victims as a result of your criminal

18   conduct, then I can, in accordance with the Sentencing Reform

19   Act, order you to make restitution unless I find that under the

20   statutes restitution is not appropriate in this case.

21        So you might have to pay restitution as well.  Do you

22   understand that?

23              THE DEFENDANT:  Yes, Your Honor.

24              THE COURT:  There's also a forfeiture provision in

25   this Indictment.  That would mean that you would have to forfeit

 1    certain items.  The Government has listed those.

 2        Do you have any questions about if you are found guilty that

 3    I can also order forfeiture of those items as well?

 4        (Discussion between defendant and counsel.)

 5             THE COURT:  Any questions?

 6             THE DEFENDANT:  No, Your Honor.

 7             THE COURT:  Mr. Espinosa, can you give me, again, the

 8    list of some of the items?  Are they listed in the Second

 9    Superseding Indictment?

10             MR. ESPINOSA:  They are, Your Honor.  On page 10 there

11    are four items listed under the several provisions that might

12    apply.  For purposes of today's plea, the forfeiture provision

13    that applies is 18 U.S.C. Section 2253(a).

14        And that would trigger forfeiture, following a finding of

15    guilt on Count 3, of the items listed in the Superseding

16    Indictment as A, B, C and D.  I can read those items

17    specifically, if the Court would like.

18             THE COURT:  You're aware of which items, Mr. Clemans,

19    they are seeking to forfeit?  Are you aware of those?

20             THE DEFENDANT:  Yes, I am, sir.

21             THE COURT:  Any questions about the forfeiture

22    provision?

23             THE DEFENDANT:  No, Your Honor.

24             THE COURT:  There are sentencing guidelines and

25    statutory sentencing factors found in 18 U.S.C. Section 3553(a),

1    which I will be required to take into consideration in

2    determining the appropriate sentence in your case.  So I cannot

3    determine the sentence in your case at this time.  I will have

4    an opportunity to review, and you will have an opportunity to

5    review that presentence report from probation, the sentencing

6    guidelines, the statutory sentencing factors.  All of those will

7    be taken into consideration by the Court in determining the

8    appropriate sentence in your case.

9         Have you had enough time to discuss how the sentencing

10   guidelines and the statutory sentencing factors might apply to

11   your case?

12             THE DEFENDANT:  Yes, Your Honor.

13             THE COURT:  Mr. Olmos, do you believe that Mr. Clemans

14   has a general, a basic understanding as to how the guidelines

15   and sentencing factors might apply to his case?

16             MR. OLMOS:  Yes, Your Honor.  We have discussed them.

17             THE COURT:  Mr. Clemans, I'll also give you an

18   opportunity to review the presentence report before your

19   sentencing.  You can make comments.  Your lawyer can make

20   comments to the presentence report.  I'll consider those.

21        And then I'll also give you and your attorney an opportunity

22   to address the Court at your sentencing hearing before I impose

23   sentence.  Do you understand that?

24             THE DEFENDANT:  Thank you, Your Honor.

25             THE COURT:  I want you to understand that the Court is

1    not bound by any recommendations that anyone makes.  I am bound

2    by these mandatory minimums, but I'm not bound by any sentencing

3    recommendation either by your lawyer, by the Government's

4    lawyer, by probation, or anyone.

5        And sentencing is entirely up to the Court.  So if I don't

6    accept the sentencing recommendations, you're still going to be

7    bound by your guilty pleas, and you will have no right to

8    withdraw your guilty pleas.  Do you understand that?

9              THE DEFENDANT:  Yes, Your Honor.

10             THE COURT:  Once it has been determined what

11   sentencing guidelines apply to your case, I do have the

12   authority in some circumstances to impose a sentence that is

13   greater than or less than the sentence called for by the

14   guidelines.  Do you understand that?

15             THE DEFENDANT:  Yes, Your Honor.

16             THE COURT:  In the federal system, parole has been

17   abolished.  So if you are sentenced to prison, you will not be

18   released on parole.  You will preserve your right to appeal any

19   sentence I impose.  This is an open plea.  There is no written

20   plea agreement.  So you do have the right to appeal any sentence

21   I may impose.  Do you understand that?

22             THE DEFENDANT:  Yes, Your Honor.

23             THE COURT:  The Government also would have a right as

24   well to appeal.  Do you understand that?

25             THE DEFENDANT:  Yes, Your Honor.

1            THE COURT:  There are certain constitutional rights

2     that you have that you'll have to give up.  Let me go over those

3     with you.

4        You have the right to a trial by jury on these three counts,

5     as well as other three counts.  You have the right to be

6     presumed innocent.  The right to require the Government to prove

7     your guilt beyond a reasonable doubt.  You have the right to an

8     attorney.  The right to present a defense to the charge or

9     charges in this case.  The right to see and hear all witnesses

10    and evidence that will be presented against you.  The right to

11    cross-examine those witnesses.  The right to use the power of

12    this court to bring in your own witnesses and evidence in order

13    for you to present your defense.  The right to remain silent.

14    And the right to not have your silence or your decision to not

15    present evidence at trial used against you.

16       Do you understand each of these constitutional rights as

17    I've just described them to you?

18            THE DEFENDANT:  Yes, Your Honor.

19            THE COURT:  Before I can accept guilty pleas from you,

20    other than your right to an attorney, which you maintain at all

21    times, you do have to give up each of these other constitutional

22    rights just as to those three counts.

23       Are you willing to do that at this time?

24            THE DEFENDANT:  Yes, Your Honor.

25            THE COURT:  All right.  Mr. Olmos, do you join in the

1    waiver?

2              MR. OLMOS:  I do, Your Honor.

3              THE COURT:  Let's go through the elements of each of

4    these counts.

5         In Count 3, the following elements make up the charge, and

6    the Government would be required to prove each of these elements

7    beyond a reasonable doubt.

8         First, beginning on or about June 24, 2014 and continuing

9    through July 24, 2015 there was an agreement between two or more

10   persons to commit the crime of production of child pornography

11   as charged in the Second Superseding Indictment; second,

12   Mr. Clemans, the Government would have to prove that you became

13   a member of the conspiracy knowing of at least one of its

14   objects and intending to help accomplish it; and, third, that

15   one of the members of the conspiracy performed at least one

16   overt act between on or after June 24, 2014 and on or before

17   July 24, 2015 for the purpose of carrying out of the conspiracy.

18        Those are the elements the Government would have to prove.

19   Do you have any questions about these elements?

20             THE DEFENDANT:  No, Your Honor.

21             THE COURT:  Have you had enough time to discuss those

22   elements with your attorney?

23             THE DEFENDANT:  Yes, Your Honor.

24             THE COURT:  In Count 5, the charge is attempted

25   production or production of child pornography.  That count has

1   the following elements that the Government would be required to

2   prove beyond a reasonable doubt.

3        First, at the time "M.Q.", "J.U.", and/or "E.S." was under

4   the age of 18 years old; second, that the defendant used "M.Q.",

5   "J.U." and/or "E.S." to take part in sexually explicit conduct

6   for the purpose of producing a visual depiction of such conduct;

7   third, that the defendant, you, Mr. Clemans, intended such

8   visual depiction to be transported to the United States by any

9   means including by using any means or facility of foreign

10   commerce, and that the defendant transported such visual

11   depiction to the United States by any means including by using

12   any means or facility of foreign commerce.

13        That would include, Mr. Espinosa, a computer, correct?

14             MR. ESPINOSA:  Yes, Your Honor.

15             THE COURT:  Any questions about those elements,

16   Mr. Clemans?

17             MR. OLMOS:  Your Honor, this third element is one that

18   I had a change to in my proposed plea -- or my plea memorandum

19   on page 3.  It's a disjunctive.  In other words, it can be "or."

20   Mr. Clemans had no knowledge that those images were going to be

21   sent to the United States.

22        What the statute permits, and what I suggested in my plea

23   memorandum, is that the visual depiction was mailed or actually

24   transported in foreign commerce, again, through use of a

25   computer.

1          So I think that's the appropriate way to proceed.

2               THE COURT:  You don't have a fourth element, though,

3      right, in yours?  I only see three.

4               MR. OLMOS:  That's true.

5               THE COURT:  Let me look at the jury instruction.

6               MR. ESPINOSA:  At the end of the Government's third

7      element, Your Honor, there is the word "or," and it does

8      encapsulate what Mr. Olmos is saying, that is, you can achieve

9      the interstate commerce or foreign commerce nexus in either the

10     first means or the second means.

11         It may save the Court some time for us to note that our

12     theory at trial would have been an aiding and abetting theory on

13     this count, that is, that the co-conspirator committed the

14     substantive act of the production at the command, counsel, and

15     direction of Mr. Clemans, and, therefore, her transmission of

16     the images from Manila in the Philippines to the United States

17     in Sacramento satisfies the interstate and foreign commerce

18     nexus.

19              THE COURT:  The model instruction two, Mr. Olmos, is

20     identical to what the Government has proposed in terms of the

21     elements.  What's your concern?

22              MR. OLMOS:  My concern is that --

23              THE COURT:  I think it goes more to the factual basis

24     as opposed to the elements, right?

25              MR. OLMOS:  I think that's right, Your Honor.  But I

1    don't -- and I suppose that with respect to -- because we're

2    dealing with Count 2 here --

3            THE COURT:  No.  We're dealing with Count --

4            MR. OLMOS:  I'm sorry.  We're dealing with Count 5 --

5            THE COURT:  -- 5.

6            MR. OLMOS:  -- which is addressing conduct that

7    included Mr. Clemans' presence in the United States.

8        So knowing that the images would have been transported to

9    the United States even under an aiding and abetting theory is

10    probably appropriate.

11            THE COURT:  Mr. Clemans, have you had enough time to

12    discuss these elements with your attorney?

13            THE DEFENDANT:  Yes, Your Honor.

14            THE COURT:  And in Count 6, the elements are, for the

15    crime of receipt of child pornography, that, first, between on

16    or about May 8, 2015 and/or May 24, 2015 that you knowingly

17    received a visual depiction in interstate and foreign

18    commerce -- in this case, again, it's a computer; second, that

19    the production of such visual depiction involved the use of a

20    minor engaging in sexually explicit conduct; third, that such

21    visual depiction was of a minor engaged in sexually explicit

22    conduct; fourth, that you knew that such visual depiction was of

23    sexually explicit conduct; and fifth, that you knew that at

24    least one of the persons engaged in sexually explicit conduct in

25    such visual depiction was a minor.

1          Any questions about those elements of this crime?

2               THE DEFENDANT:  No, Your Honor.

3               THE COURT:  Have you had enough time to discuss those

4    elements with your attorney?

5               THE DEFENDANT:  Yes, Your Honor.

6               THE COURT:  We need to go through the factual basis.

7    The facts that support each of these charges.  The Government

8    has submitted a factual basis as well as your attorney.

9          Mr. Olmos, have you had a chance to go through the

10   Government's proposed factual basis with your client?

11              MR. OLMOS:  I have not, Your Honor.

12              THE COURT:  Do you have that in front of you?

13              MR. OLMOS:  I do.

14              THE COURT:  Let's start with the first paragraph.  And

15   this would be the factual basis for all three of these counts.

16         In late 2014, investigators discovered evidence of an

17   agreement between the defendant, Mr. Clemans, and his

18   co-conspirator, Lyan, L-y-a-n, Tandeg, T-a-n-d-e-g, to select

19   children under the age of 18 to produce sexually explicit

20   photos, child pornography, for importation into the United

21   States.

22         Any disagreement with that first sentence?

23              MR. OLMOS:  I do, Your Honor.  Because the agreement

24   was not to have the images sent to the United States.  In late

25   2014, Mr. Clemans was a resident -- a long-time resident of

1    Bangkok.

2            THE COURT:  Is it critical to prove the crime that you

3    prove that it was going to be imported into the United States?

4            MR. ESPINOSA:  Your Honor, it is an element of the

5    production count that there was knowledge that the photos were

6    either intended to move in interstate or foreign commerce or did

7    move in interstate commerce.  That's the element that we were

8    discussing when we went through the elements.

9        While it's true that in 2014 Mr. Clemans was in Thailand at

10   relevant periods, by April of 2015 he was back in Sacramento,

11   and he was receiving these images.  They moved in interstate and

12   foreign commerce to the United States at that time.  And by

13   Mr. Clemans' direction counsel, command, and request.

14       So the agreement did include an agreement to transfer the

15   images in foreign commerce.  That part of the agreement just

16   came later in time than in 2014.

17           THE COURT:  In your factual basis, Mr. Olmos, what's

18   the basis for the third element of Count 5?

19           MR. OLMOS:  That the images were in fact transported

20   in foreign commerce.  That satisfies the elements of the crime

21   without imputing any knowledge or intent with respect to

22   Mr. Clemans on the transportation of the images.

23           THE COURT:  Well, the element says the defendant

24   intended the child pornography to be transported to the United

25   States.

1          MR. OLMOS:  But again, Your Honor, I think that's a

2     disjunctive.  In other words, I think there is an "or" there

3     which the Government included in its own --

4          THE COURT:  I see.  "Or", the fourth element, the

5     defendant actually transported such visual depiction.

6          MR. OLMOS:  Right.

7          THE COURT:  So your client is willing to admit that he

8     transported the visual depictions.  He is just not willing to

9     admit the intention.

10          MR. OLMOS:  Right.  Those images were in fact

11     transported.  That was not a component of the 2014 agreement.

12     But that because Yahoo! servers are where they are, and because

13     Mr. Clemans during the tail end of the conspiracy was in fact in

14     California, that that's where those images went.

15          But there was never an agreement or intent at the genesis of

16     this conspiracy that those images would come to the United

17     States.  And I don't think the Government has to prove that.  I

18     don't think that's an element of the crime.

19          THE COURT:  I don't think the Government has to prove

20     that either because it's an "or."  Do you disagree,

21     Mr. Espinosa?

22          MR. ESPINOSA:  I don't disagree, Your Honor, that it

23     is an "or," and that following that "or" the second way that the

24     interstate and foreign commerce nexus can be satisfied is if the

25     images move.  But they must move at the defendant's -- the

1    defendant must cause them to move.

2        And so even in an aiding and abetting theory where he

3    doesn't have to, himself, transfer the images, he must tell a

4    person who committed the other elements of the substantive

5    offense, I command, counsel, direct you to move those images to

6    me, which is what the Government will prove at trial.

7            MR. OLMOS:  I don't disagree with that.

8            THE COURT:  Where in your factual basis does he admit

9    that he transported the visual depictions?

10           MR. OLMOS:  In the first paragraph on page 4.  Under

11   the terms of the illicit agreement, Defendant Clemans would send

12   money to Tandeg who would then, at Clemans request and

13   direction, locate minor girls in the Philippines, take sexually

14   explicit photos of these girls, and then send the photos to

15   Defendant Clemans over the internet.

16           THE COURT:  Okay.  Maybe that's the way to go.  Let me

17   flip this.

18       Mr. Espinosa, I assume you've had a chance to review the

19   defense proposed factual basis?

20           MR. ESPINOSA:  Yes, Your Honor.

21           THE COURT:  Okay.  What objections, if any, or what

22   additions, if any, do you think are necessary to the defense

23   proposed factual basis?

24           MR. ESPINOSA:  Well, Your Honor, this specific

25   question is the question that the Government identified in

1   assessing whether the proposed factual basis from Mr. Clemans

2   was satisfactory.

3        And while I agree that the sentence that Mr. Olmos just read

4   implies Mr. Clemans requested those photos while he was in

5   California, if he's willing to -- I think it just needs to be

6   clearer.  That they got to California not because Tandeg just

7   decided to send them but because he asked her to.

8            THE COURT:  Is that in fact the case, Mr. Clemans,

9   that you're willing to admit that you in fact asked Tandeg to

10  send the pictures to you in California?

11           MR. OLMOS:  Hold on one second.

12       (Discussion between defendant and counsel.)

13           THE COURT:  While you're talking, Mr. Olmos, let's

14  read that sentence again.  Because on line 21, on page 4 --

15  Mr. Espinosa, you can note this, too -- it says "at Clemans'

16  request."  That's an admission that he requested it.  That he

17  requested that she direct, locate minor girls, that she take

18  sexually explicit photos of the girls, and that she send the

19  photos to Defendant Clemans.  I think that satisfies your --

20           MR. ESPINOSA:  In element four, in the section that

21  Mr. Olmos prefers, the section requires, for the interstate or

22  foreign commerce nexus to be satisfied, those photos, though,

23  have to come here to the United States.

24           THE COURT:  Right.

25           MR. ESPINOSA:  So as long as he agrees that that

1    includes delivery to the United States, there will be a

2    jurisdictional basis and the element will be satisfied.

3              THE COURT:  Mr. Olmos?

4         The only thing I would have to add is on line 23, at the end

5    of that, basically language that says "to the United States."

6              MR. ESPINOSA:  Including "to the United States" would

7    likely be sufficient.

8              THE COURT:  Because the sentence already includes "at

9    Clemans' request."

10             MR. ESPINOSA:  Yes, Your Honor.

11             THE COURT:  Okay.  Do you have any objection to me

12   adding that language?  I'm working from your factual basis.

13             MR. OLMOS:  Right.  So I think that including a

14   sentence after the term foreign commerce on line 23 which says

15   those images did in fact travel to the United States is

16   sufficient.

17             THE COURT:  Do you agree, Mr. Espinosa?

18             MR. ESPINOSA:  Yes, Your Honor.

19             THE COURT:  Any other additions you think need to be

20   made to the defendant's factual basis?

21             MR. ESPINOSA:  Your Honor, the remainder of the

22   defendant's factual basis for the other counts is likely

23   sufficient for the Court to find it support to accept the plea.

24             THE COURT:  Okay.  Mr. Clemans, let me make sure.  I

25   assume -- I don't want to assume.  I want to make sure.

1        Have you gone over this proposed factual basis that was

2   submitted by your attorney on your behalf in your plea

3   memorandum, docket 81?  Have you had a chance to go over all of

4   this factual basis with your attorney?

5             THE DEFENDANT:  Yes, Your Honor.

6             THE COURT:  Have you had enough time to discuss it

7   with him?

8             MR. OLMOS:  Your Honor, I think it might benefit us to

9   spend -- Mr. Clemans and me spend three or four minutes going

10  over it line by line.

11            THE COURT:  Okay.  I'll allow you to do that.  Because

12  what I'm going to ask you is, you will need to agree that each

13  and every fact that's set forth in this factual basis is true

14  and it's accurate.  Okay?

15            THE DEFENDANT:  Yes, Your Honor.

16            THE COURT:  Go ahead and take a few minutes.

17            MR. OLMOS:  Thank you.

18       (Break taken.  9:44 a.m.- 9:54 a.m.)

19            THE COURT:  Back on the record.

20    Mr. Clemans, I asked you if you've had an opportunity to

21  review this proposed factual basis that your lawyer submitted on

22  your behalf.

23    Have you had an adequate opportunity to review the factual

24  basis?

25            THE DEFENDANT:  Yes, I have.  Thank you, Your Honor.

1          THE COURT:  And we've added the language.  After the

2    word commerce on line 23, we added the sentence "those images

3    did in fact travel to the United States."  Do you understand

4    that?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  Okay.  With all that in mind, do you agree

7    that every fact in this factual basis set forth in docket 81,

8    pages 4, 5 and 6, that every fact is true and accurate?

9          THE DEFENDANT:  Yes, Your Honor.

10         THE COURT:  Mr. Olmos, you agree with that as well?

11         MR. OLMOS:  I do, Your Honor.

12         THE COURT:  Okay.  The Court will accept this proposed

13   factual basis as the factual basis for the guilty pleas to

14   Counts 3, 5 and 6.

15       Let's take each count separately.  In Count 3, Mr. Clemans,

16   you are charged in the Second Superseding Indictment with a

17   violation of 18 U.S.C. Section 2251(c) and (e).  The charge is

18   conspiracy to produce child pornography.

19       As to that charge, how do you now plead?  Guilty or not

20   guilty?

21         THE DEFENDANT:  Guilty.

22         THE COURT:  As to the charge in Count 5 of the Second

23   Superseding Indictment, you're charged with violation of 18

24   U.S.C. Section 2251(c) and (e), attempted production and

25   production of child pornography.

1       As to that charge, how do you now plead?  Guilty or not

2  guilty?

3           THE DEFENDANT:  Guilty.

4           THE COURT:  And as to Count 6, the charge is a

5  violation of 18 U.S.C. Section 2252(a)(2).  The charge is

6  receipt of child pornography.

7       As to that charge, how do you now plead?  Guilty or not

8  guilty?

9           THE DEFENDANT:  Guilty.

10           THE COURT:  It is the finding of the Court in the case

11  of United States versus Michael Carey Clemans that the defendant

12  is fully competent and capable of entering an informed plea.

13       The Court also finds there is a factual basis for his pleas,

14  and that the defendant has made a voluntary, knowing and

15  intelligent waiver of his constitutional rights.

16       His pleas to Counts 3, 5 and 6 of the Second Superseding

17  Indictment are now accepted, and he is now adjudged guilty of

18  these three offenses.

19       In terms of sentencing on these offenses, Mr. Clemans, I'll

20  set a date and time for sentencing and remind you of that after

21  we complete the jury trial on the remaining three counts.

22           THE DEFENDANT:  Thank you, Your Honor.

23           THE COURT:  Anything further we need to do with

24  respect to the plea?

25           MR. ESPINOSA:  No, Your Honor.

1          (End of plea transcript.)

2

3                              CERTIFICATION

4

5          I, Diane J. Shepard, certify that the foregoing is a correct

6     transcript from the record of proceedings in the above-entitled

7     matter.

8                              /s/ DIANE J. SHEPARD
                               DIANE J. SHEPARD, CSR #6331, RPR
9                              Official Court Reporter
                               United States District Court
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25