Daniel B. Olmos (CA SBN 235319)
NOLAN BARTON & OLMOS LLP
600 University Avenue
Palo Alto, CA 94301
Tel. (650) 326-2980
Fax (650) 326-9704

Counsel for Defendant
Michael Carey Clemans

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>MICHAEL CAREY CLEMANS,<br><br>　　　　　　Defendant. | Case No.: CR 2:15-cr-00227 JAM<br><br>**SENTENCING MEMORANDUM AND REQUEST TO CORRECT PRESENTENCE REPORT**<br><br>Date: January 23, 2018<br>Time: 9:15 a.m.<br>Hon. John A. Mendez |

　　　Defendant Michael Carey Clemans, through counsel, respectfully submits this Sentencing Memorandum and Request to Correct Presentence Report to assist the Court with respect to the January 23, 2018, sentencing hearing in this matter.

　　　On August 28, 2017, prior to the commencement of the jury trial, Mr. Clemans pled open to Counts Three (conspiracy to produce child pornography), Five (production of child pornography), and Six (receipt of child pornography) of the Second Superseding Indictment.  At trial, Mr. Clemans was found guilty by a jury of Counts One (travel with intent to engage in illicit sexual conduct), Two (conspiracy to travel with intent to engage in illicit sexual conduct), and Four (buying of children), the three remaining charges he faced.

　　　On December 12, 2017, the Probation Officer assigned to the case filed a Draft Presentence Report.  Undersigned counsel submitted written objections on December 22, 2017, and the Probation Officer filed a Final Presentence Report, which included a response to the various objections made by defense counsel, on January 2, 2018.

In summary, this Sentencing Memorandum (1) urges the Court to find that Mr. Clemans has accepted responsibility for this conduct, (2) requests corrections to the Final Presentence Report on that issue as well as others, and (3) asks that the Court consider a sentence below the mandatory minimum due to Mr. Clemans' substantial assistance to the government.

I.   Acceptance of Responsibility

Shortly after Mr. Clemans was arrested in this matter, the government sought his cooperation to rescue child victims of human trafficking in the Philippines who the government believed remained in the custody or control of Mr. Clemans' co-conspirators.  Specifically, the government requested written consent from Mr. Clemans to assume control of his Yahoo! account so that government agents could communicate with the co-conspirators in an effort to locate and apprehend them.  Mr. Clemans provided consent and, as a direct result of his post-arrest cooperation, law enforcement conducted an undercover investigation which led to the arrest and successful prosecution of two individuals in the Philippines, and to the security of several child victims there. Three of those victims testified for the prosecution at Mr. Clemans' trial.  It cannot be disputed that the victims' participation in the prosecution of the two individuals in the Philippines, and of Mr. Clemans in this Court, would not have been possible without Mr. Clemans' cooperation with the government.

In addition, as stated above, Defendant Clemans pled guilty prior to trial, without the benefit of a plea agreement, to Counts Three (conspiracy to produce child pornography), Five (production of child pornography), and Six (receipt of child pornography) of the Second Superseding Indictment. Counts Three and Five carry 15-year mandatory minimum prison sentences, and Count Six has a mandatory minimum of five years.

Under any reasonable interpretation of the term "acceptance of responsibility," Mr. Clemans has demonstrated that he deserves credit for it.  Not only did he plead guilty to charges that very likely would have resulted in his spending the rest of his life in prison, Mr. Clemans' cooperation with law enforcement in this case led to the safety of multiple child victims whose testimony was

critical not only to his own conviction, but to the successful prosecutions of two co-conspirators, both of whom received lengthy prison sentences in the Philippines.

II.   Objections/Requests to Correct Presentence Report

Mr. Clemans requests the correction of the Final Presentence Report in several respects, all of which he raised in his December 22, 2017, written objections to the Draft PSR.

<u>Paragraphs 24 and 85</u>: The Final PSR concludes that Mr. Clemans has not accepted responsibility for his conduct, primarily based upon the fact that he did not discuss the underlying conduct with the Probation Officer. In light of the discussion in the previous section, Mr. Clemans' decision not to discuss his offense conduct with the Probation Officer is not an adequate basis to find that he has not accepted responsibility for his conduct.

<u>Paragraphs 29-42</u>: The Final PSR finds that the Base Offense Level for Counts One and Two is 30, based upon its review of USSG §2G1.3(c)(3) and its conclusion that, under that section, §2A3.1 should apply. However, §2G1.3 is clear that §2A3.1 applies only where the offense conduct falls under 18 U.S.C. §§ 2241 or 2242. The conduct described in those statutes is limited to conduct occurring "in the special maritime and territorial jurisdiction of the United States or in a Federal prison," or when the conduct includes interstate travel. *See* 18 U.S.C. §§ 2241, 2242. The substantive conduct here that arguably falls under §§ 2241 or 2242 occurred entirely overseas, and thus §2A3.1 does not apply. The Base Offense Level for Counts One and Two should be 24.

<u>Paragraphs 56-80</u>: The Final PSR includes multiple "groups" for single counts. That is not authorized in Chapter 3, Part D. Chapter 3, Part D authorizes the creation of groups of "closely related counts." It does not authorize the inclusion of single counts in multiple different groups, as the Final PSR does here, simply because there are multiple victims in each count. For example, the Final PSR's Groups 3, 4, and 5 <u>all relate to the same counts</u> (Counts Three and Five). That is antithetical to the underlying purpose of "grouping" under Part D, and is not permissible.

<u>Paragraph 146</u>: The Final PSR includes a recommendation for restitution in the amount of $50,000, which is apparently based upon requests made by lawyers on behalf of victims related to Count Six

3

(receipt of child pornography), and not the victims of the remaining counts who actually testified at trial. There is insufficient evidence that the amount claimed by the lawyers of the victims related to Count Six has any rational relationship to the offense conduct in this case.

### III.   Substantial Assistance to the Government

This Court may consider Mr. Clemans' substantial cooperation with the government, and thus sentence Mr. Clemans below the mandatory minimum sentence authorized by the applicable statute, absent a motion by the government.

Courts have the authority to sentence defendants beneath the statutory minimum, absent the application of a safety valve, based upon substantial assistance provided by the defense to the government in the investigation and prosecution of another person. 18 U.S.C. § 3553(e). Ordinarily, substantial cooperation results in a government motion to depart from the sentencing mandatory minimum. *See* U.S.S.G. § 5K1.1. A growing body of law post-*Booker*, however, supports the premise that the Court is not prohibited from taking into account substantial assistance, even without a motion from the government, when considering a defendant's sentence. *See, e.g., United States v. Robinson*, 741 F.3d 588, 600 (5th Cir. 2014); *United States v. Blue*, 557 F. 3d 682, 686 (6th Cir. 2009); *United States v. Arceo*, 535 F.3d 679, 688 n.3 (7th Cir. 2009).[1]

In determining whether substantial assistance to the government should benefit the defendant, courts consider the factors set forth in U.S.S.G. § 5K1.1 to evaluate whether a variance is warranted. *See* U.S.S.G. § 5K1.1. These factors include (1) the usefulness of the defendant's assistance, taking into account the government's evaluation of the assistance provided; (2) the truthfulness, completeness, and reliability of any information provided; (3) the nature of the assistance; (4) any injury suffered, or risk of injury to the defendant or his family; and (5) the timeliness of the defendant's assistance.

---

[1] Undersigned counsel has found no published post-*Booker* Ninth Circuit opinion which addresses sentence variances based on substantial assistance without a government motion.

Here, Count Four, the violation of 18 U.S.C. § 2251A(b)(1), carries a 30-year mandatory minimum prison sentence. Because this offense does not qualify as a safety valve offense under § 3553(f), the sole mechanism for issuing a sentence below the minimum is through substantial governmental assistance under § 3553(e). Mr. Clemans' assistance to the government satisfies all of the criteria that this Court should consider in evaluating the weight and meaningfulness of that assistance. *See* U.S.S.G. § 5K1.1. The assistance Mr. Clemans provided to the government (1) was certainly useful in that it resulted in the successful prosecution of two individuals in the Philippines, and in the safety of multiple child victims; (2) the information that Mr. Clemans provided – his online identify – was complete and reliable, in that it led law enforcement directly to the co-conspirators; (3) the nature of the assistance provided by Mr. Clemans was exactly what the government requested; (4) Mr. Clemans did suffer as a result of the assistance, in that it inarguably strengthened the government's case against him, specifically by locating the witnesses who would ultimately testify against him; and (5) the assistance was timely – he provided the assistance shortly after he was arrested in this case, upon the request of the government, and it led in a matter of months to the arrest of the co-conspirators.

Therefore, this Court should determine that Mr. Clemans has provided substantial assistance to the government within the meaning of 18 U.S.C. § 3553(e) and USSG §5K1, which could warrant a variance from the mandatory minimum even absent a motion by the government.

## CONCLUSION

For the foregoing reasons, Defendant Michael Clemans respectfully requests that the Court (1) find that he has accepted responsibility for his conduct, (2) correct the Final PSR as argued above, and (3) find that Mr. Clemans has provided substantial assistance to the government and consider imposing a sentence below the mandatory minimum set forth in 18 U.S.C. § 2251A(b)(1).

Date:   January 9, 2018                    Respectfully submitted,

                                           _/s/_Daniel Olmos_____
                                           Daniel Olmos
                                           Attorney for Defendant Michael Carey Clemans

5