McGREGOR W. SCOTT
United States Attorney
ANDRÉ M. ESPINOSA
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
(916) 554-2700

Attorney for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 15-CR-0227-JAM |
| Plaintiff, | **STIPULATION AND ORDER TO CONTINUE THE RESTITUTION HEARING** |
| v. | |
| MICHAEL CLEMANS, | DATE: MARCH 30, 2018 |
| | COURT: HONORABLE JOHN A. MENDEZ |
| Defendant. | |

The United States of America, by and through its counsel Assistant United States Attorney André M. Espinosa, and defendant Michael Clemans, by and through his counsel, Daniel Olmos, hereby stipulate as follows:

1. By previous order, the Court scheduled a restitution hearing in this matter for April 3, 2018.

2. By stipulation, the parties now jointly move to continue that restitution hearing until April 17, 2018 at 9:15 a.m.

3. The parties agree and stipulate, and request that the Court find the following:

(a) The United States has received requests from seven victims depicted in images the defendant received or produced in this case. Certain of those requests, including requests by victims who testified at trial in this matter, do not address the legal requirement set forth in the decision by the United States Court of Appeals for the Ninth Circuit in United States v. Galan, 804 F.3d 1287 (9th Cir. 2015). In Galan, the Ninth Circuit held: "in calculating the amount of restitution to be imposed upon a

defendant who was convicted of distribution or possession of child pornography, the losses, including ongoing losses, caused by the original abuse of the victim should be disaggregated from the losses caused by the ongoing distribution and possession of images of that original abuse, to the extent possible."

(b) To meet its burden under 18 U.S.C. § 3664(e), the United States has requested from victims' counsel supplemental information supporting their restitution requests, including evidence of disaggregation of the victims' losses, as required under Galan.

(c) Additional time will permit victims' counsel to provide the requested additional information, should they be able to do so.

(d) Furthermore, additional time will permit counsel for the defendant in this case to review any additional information provided by victims' counsel and prepare an appropriate response.

(e) The parties agree the statutory time limit for holding a restitution hearing is ninety days after sentencing and that the Ninth Circuit has found "'. . . the purpose behind the statutory ninety-day limit on the determination of victims' losses is not to protect defendants from drawn-out sentencing proceedings or to establish finality; rather, it is to protect crime victims from the willful dissipation of defendants' assets.'" United States v. Cienfuegos, 462 F.3d 1160, 1162-63 (9th Cir. 2006) (quoting United States v. Zakhary, 357 F.3d 186, 191 (2d Cir. 2004).

(f) Thus, sentencing courts are not deprived of their authority to order restitution when they miss the ninety-day deadline "at least where . . . the sentencing court made clear prior to the deadline's expiration that it would order restitution." Dolan v. United States, 560 U.S. 605, 608 (2010).

(g) Here, the purpose of the ninety-day limit will be preserved. The defendant is in custody and has little ability to control any assets he possesses. Further, he has been given notice that restitution would be ordered, as multiple requests were included in his Presentence Investigation Report and this Court set a hearing within the ninety-day limit to determine restitution amounts. The defendant acknowledges this stipulation and proposed order acts as a waiver of his ability to use the passage of the ninety-day limit as argument against the imposition of restitution.

4. The parties believe that failure to grant the above-requested continuance would deny the parties reasonable time necessary for effective preparation, taking into account the exercise of due

diligence.

**It is so stipulated.**

Respectfully Submitted,

McGREGOR W. SCOTT
United States Attorney

Dated: March 30, 2018

By: */s/ André M. Espinosa*
ANDRÉ M. ESPINOSA
Assistant U.S. Attorney

NOLAN BARTON & OLMOS LLP

Dated: March 30, 2018 By: /s/ *Daniel Olmos*
DANIEL OLMOS
Attorneys for Michael Clemans

## **ORDER**

GOOD CAUSE APPEARING upon the stipulation of the parties it is ordered:

The restitution hearing in this matter is continued to April 17, 2018 at 9:15 a.m.

**IT IS SO ORDERED.**

Dated: 3/29/2018 _____

/s/ John A. Mendez
HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE