McGREGOR W. SCOTT
United States Attorney
ANDRÉ M. ESPINOSA
COLLEEN KENNEDY
Assistant U.S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
(916) 554-2700

Attorney for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MICHAEL CLEMANS,

    Defendant.

CASE NO. 15-CR-0227-JAM

**STIPULATION AND ORDER TO VACATE THE RESTITUTION HEARING, SET A BRIEFING SCHEDULE AND SUBMIT THE MATTER ON THE BRIEFS**

DATE: APRIL 11, 2018

COURT: HONORABLE JOHN A. MENDEZ

    The United States of America, by and through its counsel, Assistant United States Attorneys André M. Espinosa and Colleen Kennedy, and defendant Michael Clemans, by and through his counsel, Daniel Olmos, hereby stipulate as follows:

    1.    By previous order, the Court scheduled a restitution hearing in this matter for April 17, 2018.

    2.    By stipulation, the parties now jointly move to vacate that restitution hearing, establish a briefing schedule, and submit this matter for decision on the briefs.

    3.    The parties agree and stipulate, and request that the Court find the following:

    (a)    The United States received requests from nine victims depicted in images the defendant received, possessed, or produced in this case. Certain of those initial requests did not address the legal requirement set forth in the decision by the United States Court of Appeals for the Ninth Circuit in United States v. Galan, 804 F.3d 1287 (9th Cir. 2015). In Galan, the Ninth Circuit held: "in calculating the amount of restitution to be imposed upon a defendant who was convicted of distribution or

possession of child pornography, the losses, including ongoing losses, caused by the original abuse of the victim should be disaggregated from the losses caused by the ongoing distribution and possession of images of that original abuse, to the extent possible."

(b) To help meet its burden under 18 U.S.C. § 3664(e), the United States requested from certain victims' counsel supplemental information supporting their restitution requests, including evidence of disaggregation of the victims' losses, as required under Galan. Counsel for those victims recently responded to those requests.

(c) The parties now seek additional time to complete briefing in this matter, and to present their written arguments to the Court.

(d) The parties agree the statutory time limit for holding a restitution hearing is ninety days after sentencing and that the Ninth Circuit has found "'. . . the purpose behind the statutory ninety-day limit on the determination of victims' losses is not to protect defendants from drawn-out sentencing proceedings or to establish finality; rather, it is to protect crime victims from the willful dissipation of defendants' assets.'" United States v. Cienfuegos, 462 F.3d 1160, 1162-63 (9th Cir. 2006) (quoting United States v. Zakhary, 357 F.3d 186, 191 (2d Cir. 2004).

(e) Thus, sentencing courts are not deprived of their authority to order restitution when they miss the ninety-day deadline "at least where . . . the sentencing court made clear prior to the deadline's expiration that it would order restitution." Dolan v. United States, 560 U.S. 605, 608 (2010).

(f) Here, the purpose of the ninety-day limit will be preserved. The defendant is in custody and has little ability to control any assets he possesses. Further, he has been given notice that restitution would be ordered, as multiple requests were included in his Presentence Investigation Report and this Court set a hearing within the ninety-day limit to determine restitution amounts. The defendant acknowledges this stipulation and proposed order acts as a waiver of his ability to use the passage of the ninety-day limit as argument against the imposition of restitution.

4. Accordingly, the parties agree and stipulate to the following briefing schedule:

(a) The United States shall file its memorandum in support of a restitution order no later than April 13, 2018;

(b) The defendant shall file any response no later than April 20, 2018;

(c) The parties may file a reply no later than April 25, 2018.

5. The parties agree and stipulate to submit this matter to the Court for decision without oral argument, if the Court deems argument unnecessary.

6. The parties believe that failure to grant the above-requested relief would deny the parties reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

**It is so stipulated.**

Respectfully Submitted,

McGREGOR W. SCOTT
United States Attorney

Dated: April 11, 2018

By: */s/ André M. Espinosa*
ANDRÉ M. ESPINOSA
COLEEN KENNEDY
Assistant U.S. Attorneys

NOLAN BARTON & OLMOS LLP

Dated: April 11, 2018

By: /s/ *Daniel Olmos*
DANIEL OLMOS
Attorneys for Michael Clemans

## ORDER

GOOD CAUSE APPEARING upon the stipulation of the parties it is Ordered:

The restitution hearing in this matter scheduled for April 17, 2018, is VACATED; and it is further,

Ordered that, the United States shall file its memorandum in support of restitution no later than April 13, 2018; the defendant shall file any response no later than April 20, 2018; and the parties may file a reply no later than April 25, 2018; and it is further

Ordered that, after April 25, 2018, the matter is submitted to the Court for decision on the written briefs unless the Court requires argument, which the Court will set by further order.

**IT IS SO ORDERED.**

Dated: __4/12/2018_____

/s/ John A. Mendez_____
HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE